UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:15-CR-25-02 |
| | ) | |
| BOBBY BOWMAN | ) | |

## MEMORANDUM AND ORDER

Before the Court is Mr. Bobby Bowman's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). [R. 53]. Mr. Bowman's seeks a sentence reduction in light of Sentencing Guidelines Amendment 782, which lowers the base offense level for many drug offenses.

However, Mr. Bowman's sentence already reflects Amendment 782 because he was originally sentenced in September 2015 after Amendment 782 was fully incorporated into the Sentencing Guidelines. "[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v.* Thompson, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2), which authorizes a sentence reduction, consistent with the policy statements in the Sentencing Guidelines, where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" through a retroactively-applicable amendment. 18 U.S.C. § 3582(c); *see also* 28 U.S.C. § 994(u); U.S.S.G. § 1B1.10. Because Mr. Bowman has already received the full benefit of Amendment 782, his motion for a sentence reduction [R. 53] is **DENIED.**

 **IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**